IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:14-CV-102-FL

| | | |
|---|---|---|
| INNOVATIVE METALS COMPANY, INC., the United States of America, ex rel. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| SOUTHWEST SHEET METAL OF NC, LLC; BLUE ROCK STRUCTURES, INC.; WESTFIELD INSURANCE COMPANY; and CHRISTOPHER FREY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) by defendants Blue Rock Structures ("Blue Rock") and Westfield Insurance Company ("Westfield") (DE 34). Plaintiff responded in opposition, and the time for any reply has expired. In this posture, the issues raised are ripe for ruling. The court also addresses herein issues regarding proof of service on defendants Southwest Sheet Metal of NC, LLC ("Southwest") and Christopher Frey ("Frey").

BACKGROUND

Plaintiff commenced this Miller Act case on May 20, 2014, asserting the following claims:

1. Breach of contract against defendant Southwest;
2. In the alternative, quantum meruit / unjust enrichment against defendant Southwest and Blue Rock;
3. Enforcement of payment bond claim against Blue Rock and Westfield;
4. Unfair and deceptive trade practices against Southwest and Frey, jointly and severally;
5. Breach of joint check agreement against Blue Rock and Southwest, jointly and severally.

Plaintiff filed affidavits of service on all defendants on July 10, 2014. The clerk noticed on July 11, 2014, a deficiency regarding the affidavits, which deficiency was not corrected on the docket. On July 28, 2014, Blue Rock and Westfield filed an answer, counterclaim, and motion to dismiss the second and third claims in the original complaint.

Plaintiff filed a first amended complaint that same day, asserting again the same claims for relief, with additional exhibits attached. On September 8, 2014, Blue Rock and Westfield again filed an answer, counterclaim, and motion to dismiss the second and third claims in the amended complaint, which motion refers back to exhibits attached to their memorandum in support of their motion to dismiss the original complaint. By text order entered September 23, 2014, the court terminated the motion to dismiss the original complaint by defendants Blue Rock and Westfield.

Plaintiff has not filed proof of service of the amended complaint as to defendants Southwest and Frey, and no response to the amended complaint has been filed by these defendants. Upon the answer, counterclaims, and motion to dismiss by Blue Rock and Westfield, the court entered an initial order regarding planning and scheduling, on September 23, 2014. The court entered a case management order on October 8, 2014, adopting the schedule proposed by plaintiff and defendants Blue Rock and Westfield. Pursuant to the case management order, discovery shall conclude 150 days after the court's ruling on the instant motion to dismiss, and plaintiff will have 45 days following the court's order to join additional parties or to otherwise amend the pleadings.

In response to the motion to dismiss, plaintiff indicated its intention to voluntarily dismiss its second claim for quantum meruit/unjust enrichment. The court granted plaintiff's motion dismiss that claim on November 25, 2014. Accordingly, the instant motion to dismiss only concerns plaintiff's third claim for relied, for enforcement of payment bond against Blue Rock and Westfield.

2

STATEMENT OF FACTS

The facts alleged in the amended complaint may be summarized as follows. Defendant Blue Rock entered into a contract with the Department of the Navy, on or about September 2010, to perform construction and project management services at a child development center at Camp Lejeune, Jacksonville, North Carolina (the "Project"). (Am. Compl. ¶ 8; see DE 30-1). Blue Rock was and is acting as the general, or prime, contractor for the Project. (Id.).

Defendant Blue Rock contracted with defendant Westfield to serve as a surety and to provide a payment bond (the "Bond") for the Project. Defendant Blue Rock entered into a first-tier subcontract with defendant Southwest, on or about July 2011, in which Southwest agreed to act as a mechanical subcontractor for the construction of metal roofing for the Project. (Am. Compl. ¶ 8; see DE 30-2).

Defendants Southwest and Blue Rock entered into a second-tier subcontract agreement (the "Subcontract"), with plaintiff consisting of purchase orders, credit application, and joint check agreement dated February 16, 2012, in which defendants Southwest and Blue Rock agreed to pay plaintiff to provide certain materials and inspection labor for roofing installation on the Project. (Am. Compl. ¶ 9; see, e.g., DE 30-3).

Plaintiff furnished all the materials and labor required under the Subcontract between August 15, 2011, and May 21, 2013. (Am. Compl. ¶ 32; DE 31-1; DE 31-2). Southwest has failed to pay plaintiff the amounts due and owing to it in the amount of $81,324.37. (Am. Compl. ¶ 34). On August 19, 2013, plaintiff served upon defendant Blue Rock a notice of claim on the Bond for the amount unpaid. (Am. Compl. ¶35; see DE 30-6). Defendants Blue Rock and Westfield have failed to pay under the Bond. (Am. Compl. ¶¶ 36-37; see DE 30-7).

DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir.1992). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir.2009) (citations omitted).

B.  Analysis

1.  Motion to Dismiss

Defendants Blue Rock and Westfield contend that plaintiff's claim based on the Bond must be dismissed because plaintiff did not timely file the claim on the Bond or serve their notice on the Bond, under the limitations period in the Miller Act, 40 U.S.C. § 3133(b). Under the motion to dismiss standard, this argument must be rejected.

4

The Miller Act requires a contractor on a federal construction contract of more than $100,000 to furnish a payment bond, through a satisfactory surety, "for the protection of all persons supplying labor and material in carrying out the work provided for in the contract." 40 U.S.C. § 3131(b)(2). The Act authorizes any "person having a direct contractual relationship with a subcontract but no contractual relationship . . . with the contractor furnishing the payment bond," such as plaintiff here, to "bring a civil action on the payment bond on giving written notice to the contractor within 90 days on which the person did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made." 40 U.S.C. § 3133(b)(2). An action brought under § 3133(b) "must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." 40 U.S.C. § 3133(b)(5).

Notice under the Act "is timely if given within ninety days after performance of the last labor or supply of the last material for which such claim is made." U.S. for Use of Honeywell, Inc. v. A & L Mech. Contractors, Inc., 677 F.2d 383, 385 (4th Cir. 1982). "[T]imely notice [is] a condition precedent to the right to maintain suit on a payment bond." Pepper Burns Insulation, Inc. v. Artco Corp., 970 F.2d 1340, 1342 (4th Cir. 1992).

"The applicable legal test" for determining the start of the limitations period, for either the 90 day notice provision or the one-year lawsuit provision, is "whether the work was performed and the material supplied as a part of the original contract," as opposed to being "for the purpose of correcting defects, or making repairs following inspection of the project." U.S. for Use of Magna Masonry, Inc. v. R.T. Woodfield, Inc., 709 F.2d 249, 251 (4th Cir. 1983) (quoting United States ex rel. Noland v. Andrews, 406 F.2d 790, 792 (4th Cir.1969)).

5

The latest work under the original contract thus sets the starting point for the limitations period, whereas corrections and repairs do not. See id. "[C]ertain professional supervisory work is covered by the Miller Act, namely, skilled professional work which involves actual superintending, supervision, or inspection at the job site." U.S. for Use of Barber-Colman Co. v. U.S. Fid. & Guar. Co., No. 93-1665, 1994 WL 108502 *3 (4th Cir. March 31, 1994) (quoting United States ex rel. Olson v. W.H. Cates Constr. Co., 972 F.2d 987, 990 (8th Cir.1992)); see U.S. ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 597 (E.D. Va. 2004).

Based on the allegations in the complaint and documents referenced therein, viewing the allegations in the light most favorable to plaintiff, plaintiff timely provided notice to defendants Westfield and Blue Rock of the claim under the Bond, and timely filed its Bond claim. In particular, plaintiff alleges that it furnished all the materials and labor required under the Subcontract between August 15, 2011, and May 21, 2013. (Am. Compl. ¶ 32; DE 31-1; DE 31-2). The latest invoice attached to the amended complaint and referenced in the Bond notice is Invoice Number 051043, dated August 19, 2013, providing that the "Date Shipped" is May 21, 2013, and providing a description as follows:

> Final inspection conducted on August 15, 2013
> Initial inspection conducted on May 21, 2013
> 20 YEAR WEATHERTIGHT WARRANTY

(DE 31-2 at 25; see DE 30-6). The charge for this service is listed as $10,328.60. (Id.).

On this basis, plaintiff completed inspection work on site, as part of the Subcontract, including delivery of its warranty, at the earliest on May 21, 2013. May 21, 2013, in turn is 90 days before the date of the notice, August 19, 2013, and within one year of the date of the claim on the Bond, May 20, 2014. Accordingly, the notice was timely under 40 U.S.C. §§ 3133(b)(2) and (b)(5).

Case 7:14-cv-00102-FL   Document 48   Filed 04/28/15   Page 6 of 9

Defendants Blue Rock and Westfield argue that the notice was untimely because the latest dated invoice for furnishing of "materials manufactured by [plaintiff] and delivered to the site of the Project" is June 30, 2012. (DE 35, citing DE 31-2 at 17). Defendants suggest that the provision of the warranty, delivered May 13, 2013, is not a part of the Subcontract. The court recognizes that defendants Blue Rock and Westfield appear to dispute what deliveries fell under the terms of the Subcontract and what deliveries fell outside of the terms of the Subcontract. For purposes of the motion to dismiss, however, the court must view the allegations in the light most favorable to plaintiff. Defendants have not pointed to any document establishing that the warranty delivery fell outside of the terms of the Subcontract. In so holding, the court expresses no opinion whether, upon a more complete record, the warranty delivery properly falls within the terms of the Subcontract.

Similarly, the court recognizes that a factual issue may arise as to the nature of the work involved in the warranty delivery. For example, to the extent the work may be characterized as onsite inspection work taking place on May 21, 2013, provided for under the Subcontract, it may be included as work triggering the limitations periods under the Miller Act. If, by contrast, it may be characterized as offsite work, not provided for under the Subcontract, it may not be included. See W.H. Cates Constr. Co., 972 F.2d at 990; Barber-Colman Co., 1994 WL 108502 *3; Constructors, Inc., 313 F. Supp. 2d at 597. Likewise, the court notes the requirement that the Bond notice must be received by the prime contractor within 90 days of the date of last work. See Pepper Burns Insulation, Inc., 970 F.2d at 1343. While the Bond notice here is dated August 19, 2013, it is not clear whether a factual dispute may exist as to the date of receipt of the Bond notice. Such inquiry properly is considered upon further factual development.

7

In sum, based on the allegations in the complaint and documents referenced therein, plaintiff's Bond notice was timely under the Miller Act. Therefore, the motion to dismiss by defendants Blue Rock and Westfield must be denied.

2. Defendants Southwest and Frey

As noted above, plaintiff filed affidavits of service of the original complaint on all defendants on July 10, 2014, but the clerk noticed on July 11, 2014, a deficiency regarding the affidavits. The deficiency was not corrected on the docket, and the clerk has not noticed a default as to defendants Southwest and Frey. Plaintiff has not otherwise filed proof of service of the amended complaint as to defendants Southwest and Frey, and no response to the amended complaint has been filed by these defendants.

Under Federal Rule of Civil Procedure 4, "proof of service must be made to the court," and proof in this case "must be made by the server's affidavit." Fed. R. Civ. P. 4(*l*)(1). "Failure to prove service does not affect the validity of service," and the court "may permit proof of service to be amended." Fed. R. Civ. P. 4(*l*)(2). Under Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). In addition, except with respect to a party who is in default, see Fed. R. Civ. P. 5(a)(2), "[a]ny paper after the complaint that is required to be served" must be filed "together with a certificate of service." Fed. R. Civ. P. 5(d)(1). Accordingly, where Southwest and Frey are not in default at this time, the deficiency noted on July 11, 2014, on the docket remains in effect.

8

Furthermore, "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Here, the complaint was filed May 20, 2014, and the amended complaint was filed July 28, 2014, well over 120 days ago. Therefore, the court will direct plaintiff to show cause why defendants Southwest and Frey should not be dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m), within 21 days of the date of this order. If no cause be shown, these defendants then will be dismissed from the action.

## CONCLUSION

Based on the foregoing, the motion to dismiss of defendants Blue Rock and Westfield (DE 34) is DENIED. In addition, in light of service issues discussed herein, the court DIRECTS plaintiff to show cause why defendants Southwest and Frey should not be dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m), within 21 days of the date of this order. If not cause timely be shown, their dismissal will follow. All other terms of the court's October 8, 2014, case management order remain in effect.

SO ORDERED, this the 28th day of April, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge